UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

WB MUSIC CORP., HERBILICIOUS MUSIC, LIT UP MUSIC, MEEENGYA MUSIC, and MICK DOG MUSIC,

Plaintiffs,

v.

MOTHER'S FINEST, LTD. and NORMAN MASSEY, JR.,

Defendants.

Civil Action No.

**COMPLAINT**

Plaintiffs, complaining of the Defendants, by COSGROVE, WEBB & OMAN, their attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Mother's Finest, Ltd. ("MFL") is a corporation organized under the laws of the state of Kansas with a principal place of business at 4849 South West Street, Wichita, Kansas 67217

6. At all times hereinafter mentioned, MFL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Pleasures, located at 4849 South West Street, Wichita, Kansas 67217.

7. Musical compositions were and are publicly performed at Pleasures.

8. On information and belief, defendant Norman Massey, Jr. ("Massey" together with MFL, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Massey was, and still is, a principal, director, and/or officer of MFL.

10. At all times hereinafter mentioned, Massey was, and still is, responsible for the control, management, operation and maintenance of the affairs of MFL.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Pleasures, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Pleasures.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) On December 1, 2010, Defendants entered into a license agreement with ASCAP.

(b) Defendants, however, failed to pay license fees as required by the license agreement, and on May 14, 2016, upon due notice, ASCAP terminated the agreement for default based on non-payment of fees.

(c) Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Pleasures -- including the copyrighted works involved in this action -- without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

16. On multiple occasions since May 14, 2016, ASCAP representatives have contacted the Defendants, or their representatives, agents, or employees, offering to reinstate the ASCAP license for Pleasures -- subject to payment of outstanding fees owed ASCAP -- but Defendants have refused all such offers.

17. ASCAP's various communications gave Defendants notice that unlicensed public performances of ASCAP's members' musical compositions at Pleasures constitute copyright infringement.

18. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

19. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

20. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

21. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Pleasures, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

22. The public performances at Pleasures of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

23. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

24. The many unauthorized performances at Pleasures include the performances of the three (3) copyrighted musical compositions upon which this action is based.

25. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

26. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the

Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Pleasures, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

/s/ Susan L. Mauch
Susan L. Mauch, S. Ct. No. 15295
COSGROVE, WEBB & OMAN
3127 SW Huntoon St., Suite F
Topeka, Kansas 66604
(785)235-9511
(785)235-2082 Fax
Susan.mauch@cosgrovelaw.com
Attorneys for Plaintiffs

DESIGNATION OF PLACE OF TRIAL

COMES NOW plaintiffs WB Music Corp., et al., and designates Topeka, Kansas as the place of trial in this matter.

/s/ Susan L. Mauch
Susan L. Mauch